**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**EDUARDO GONZALEZ,**

        **Plaintiff,**

**-vs-**                                                **Case No.   2:07-cv-326-FtM-34DNF**

**PREFERRED AIR, INC. and
CHRISTOPHER M. CRAPARO,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      On August 23, 2007, the Defendants, Preferred Air, Inc. and Christopher M. Craparo filed a Notice of Settlement (Doc. 19).  In response, on August 31, 2007, the Honorable Marcia Morales Howard, United States District Judge entered an Order (Doc. 20) which allowed the parties until October 26, 2007 to file a joint stipulation of dismissal or other type of document which would close the case.  The parties filed a Joint Stipulation for Dismissal With Prejudice (Doc. 21) on October 12, 2007, which provided that the parties agreed to dismiss the case, but also stated "[e]xcept as set forth in the Settlement Agreement and General Release, each party shall bear it's [sic] own attorneys' fees and costs."  Based upon the parties resolving this case by a Settlement Agreement,  the Court must approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

      To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the  Fair Labor Standards Act ("FLSA").  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and

29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Plaintiff was employed by the Defendant and worked as a warehouse worker. (See, Complaint, Doc. 1, p. 2). Based upon the Joint Response to Court Order Dated October 17, 2007 (Doc. 23), the Plaintiff claims that he was owed $996.30 in overtime wages and $996.30 in liquidated damages for a total of $1,992.60. The Defendants do not admit any liability.

The parties represent that they came to an agreement on the issues raised in this action, and entered into a Settlement Agreement, Waiver, and Release (Doc. 23-2). The Plaintiff was represented by counsel throughout the negotiations. The Court has carefully reviewed the Settlement Agreement. The settlement provides that the parties agreed to settle all claims for the total amount of $5,500.00.

(See, Doc. 23-2, p. 1, ¶3 of the Settlement Agreement).  The settlement includes that counsel will receive an hourly rate of $325.00 per hour for a total of 8.6 hours, a paralegal will receive $95.00 per hour for a total of 1.8 hours, and costs in the amount of $509.10. (See, Doc. 23). The Court finds that this amount of fees and costs to be reasonable.[1]   The Court finds that the settlement is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

The Court recommends that the settlement should be approved by the District Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA claim.  The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] An in-depth analysis of an attorney fee request is not necessary in FLSA cases unless it is unreasonable on the face of the documents.  *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. 2007) (quoting *Perez v. Nationwide Protective Servs.,* Case No. 6:05-cv-328-Orl-22JGG (Oct. 31, 2005)). In the instant case, the attorney fee request is not unreasonable on its face.

Respectfully recommended in Chambers in Ft. Myers, Florida this  25th   day of October, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record