**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

EDUARDO GONZALEZ,

                Plaintiff,

-vs-                                        Case No.   2:07-cv-326-FtM-34DNF

PREFERRED AIR, INC., a Florida
corporation, CHRISTOPHER M.
CRAPARO,

                Defendants.
_____

**ORDER**[1]

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 24; Report), entered on October 25, 2007, recommending that the Court approve the Settlement Agreement, Waiver, and Release entered into by the parties, see Joint Response to Court Order dated October 17, 2007 (Dkt. No. 23; Joint Response) at Exhibit, and that the Clerk be directed to dismiss this action and close the file. No objections to the Report have been filed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Thus, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions.  In this case, Plaintiff filed suit against Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), seeking recovery of unpaid overtime and wages.  See Complaint (Dkt. No. 1).  Thereafter, the parties engaged in extensive settlement negotiations, which resulted in a compromise of the issues and claims raised in this case.  See Defendants' Notice of Settlement (Dkt. No. 19) at 1. Upon review of the record, including the Report, Joint Response, and Settlement Agreement, Waiver, and  Release, the undersigned agrees with Judge Frazier that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[2]  Thus, the Court will accept and adopt Judge Frazier's Report.

Accordingly, it is hereby **ORDERED:**

1.	With the addition of footnote 2 below, Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 24) is **ADOPTED** as the opinion of the Court.

2.	For purposes of satisfying the FLSA, the Settlement Agreement, Waiver,

---

[2]	In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

and Release is **APPROVED**.[3]

    3.    This case is **DISMISSED WITH PREJUDICE**.

    4.    The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, this 12th day of December, 2007.

                                  MARCIA MORALES HOWARD
                                  United States District Judge

lc3

Copies to:

Counsel of Record

---

[3] The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and General Release. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.